IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARY JUANITA ROSS,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:09-CV-0168-M |
| | § | |
| **HUTCHINS POLICE DEPARTMENT,** | § | |
| et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified *pro se* civil action.

Parties: Plaintiff Mary Juanita Ross ("Ross") is a resident of Hutchins, Texas.

Defendants are the Hutchins Police Department, former Chief of Police Gregory E. Griffin, former Assistant Chief David W. Landers, Danny Hunt and his mother Mrs. Hunt, Alex Love and daughter Taquila, Hutchins Major Artis Johnson, Mario Vasquez, Brandon Lewis, Wanda Osteen, Jonquil Akhin, Denise L. former Attorneys Denise L. Campbell and Charles Shaver, Mustapha Ismail Akhin, and Dallas County.

The court did not issue process in this case, pending preliminary screening.

Statement of Case: Ross filed a four-line complaint on January 26, 2009, alleging the following general allegations: civil right violation, false charges, illegal arrest, false

imprisonment, and violation of the Privacy Act. Along with her complaint, Plaintiff submitted a three-page list of defendants (which the clerk has identified on the docket sheet); a two-page list of events beginning on April 29, 2003, and ending on June 26, 2004; several documents relating to her pending criminal charges; several documents issued by the Hutchins Police Department (PD), including four incident reports, a citation and an arrest report; a newspaper article reporting the dismissal of assault charges brought against Plaintiff for protecting her daughter from juvenile attackers; and hospital records.

In light of Ross's *pro se* status, the court issued a notice of deficiency and order, on January 29, 2009, informing her that the complaint failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure, and granting her thirty days to correct any deficiency. Coincidentally on the same date, Plaintiff filed a voluminous package of documents (totaling 88 pages) relating primarily to her pending criminal charges. (Doc. # 7).

On February 27, 2009, the court issued a second deficiency order reiterating the fact that Ross had failed to submit a complaint which complied with Rule 8(a).

In an apparent effort to comply with the second deficiency order, Ross submitted three separate documents styled as complaints on April 1, 2009. The complaints name Dallas County, Danny Hunt, and Brandon Lewis, respectively, as defendants. As with her initial complaint on January 26, 2009, the three complaints are accompanied by Plaintiff's handwritten notes, a hospital record dated April 30, 2003, multiple letters dated March 30, 2009 from her criminal defense lawyer, and a May 6, 2003 letter from the Dallas County District Attorney's office

responding to Ross's complaint against the Hutchins PD.[1]

Findings and Conclusions:  The court gave Plaintiff ample opportunity to submit an amended complaint in compliance with Rule 8(a).  She failed to do so.  The lengthy correspondence package, filed on January 29, 2009, clearly fails to comply with Rule 8(a).  (Doc. # 9).  Likewise, the amended complaint filed on April 1, 2009, fails to meet the requirements of Rule 8(a).  (Doc. # 25).

Nevertheless, since the court permitted Plaintiff to proceed *in forma pauperis*, her action is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That section provides in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B).

An action is frivolous, if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

It is a well settled pleading rule that an amended complaint supersedes and replaces an original complaint.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (same); *see also*

---

[1] Four criminal cases are presently pending against Ross in Dallas County.  The felony charges for aggravated assault with a deadly weapon, Cause Nos. F04-01493 and F04-01499, are presently set for trial on May 18, 2009.  (*See* Attorney's letter dated March 30, 2009 attached to Plaintiff's Amended Complaint).  The misdemeanor charges for reckless driving, Cause Nos. M04-33842 and M04-33843, are set for a jury trial on June 17, 2009.  (*Id.*).

*Ruiz v. El Paso Processing Center*, 299 Fed. Appx. 369 (5th Cir. 2008) (amended complaint superseded original complaint).

Out of an abundance of caution and in accordance with the liberality to be given to the pleadings of a *pro se* litigant, the magistrate judge addresses the claims against all individuals named as defendants in Ross's initial complaint, but not included in her April 1, 2009 amended complaint, as well as Danny Hunt and Brandon Lewis, who are named as defendants in both. The magistrate judge also addresses any claims against Dallas County, which Ross first names as a defendant in her amended complaint.

Plaintiff did not file her original or amended complaint on the court approved form for civil rights complaints pursuant to 42 U.S.C. § 1983. Nevertheless, insofar as she seeks relief under § 1983, that section affords redress only for conduct committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332-33 (5th Cir. 1984).[2]

At the outset, the court notes that the acts or omissions of Ross's former defense attorneys, Campbell and Shaver, did not occur under color of state law for purposes of §1983. It is well established that neither appointed nor retained counsel acts under color of state law in

---

[2] 42 U.S.C. § 1983 provides in relevant part as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

representing a defendant in a criminal case. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S. Ct. 445, 453 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (court appointed counsel are not official state actors); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law).

Likewise Defendants D. Hunt, Mrs. Hunt, A. Love, M. Vasquez, B. Lewis, W. Osteen, J. Akhin, and M. Akhin are private citizens. Their conduct is not cognizable under § 1983. *See Thibodeaux*, 740 F.2d at 332-33.

Even if these non-state actors could be sued under § 1983, Ross's claims are time barred. More than two years elapsed since the majority of the events against these individuals occurred in 2002 through 2004. *See Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (in Texas, § 1983 actions are governed by the two-year personal injury limitations period, and court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2009).

Likewise any claims against the Hutchins Police Department, former Chief of Police Griffin, and Assistant Landers, arising from the 2002-2004 events, are time barred. The same applies to the claim against Mayor Johnson, who allegedly assaulted Ross on May 3, 2003, inflicting serious bodily injury. (*See* April 1, 2009 Amended Complaint at handwritten notes).[3]

---

[3] The Hutchins Police Department, which Plaintiff named as a defendant only in her original complaint, is a non-jural entity. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (a plaintiff may not bring a civil rights claim against a servient political

5

Next Ross complains about her incarceration at the Dallas County Jail from July 2005 through July 2006 as a result of a bond forfeiture warrant.  (*See* Plaintiff's "To whom it may concern" letter dated November 26, 2008, attached to her January 29, 2009 submission).  Any claim stemming from this imprisonment is clearly time barred.  Over two years have elapsed since the last day of her incarceration.

Insofar as Ross seeks to sue Dallas County, her claims fare no better.  The gravamen of her complaint against the County is that the assistant district attorney, assigned to prosecute her on the currently pending state criminal charges, refused to initiate a criminal prosecution against Danny Hunt and Brandon Lewis.  (*See* Amended Complaint filed April 1, 2009, at 1).[4]  The failure or refusal of a law enforcement agency to investigate or seek criminal charges against an individual does not state a cognizable claim under § 1983.  "Investigations in possible criminal activities and the prosecution of state or federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government." *Bullard v. Johnson County Sheriff's Dep't*, 2006 WL 2017620, *2 (N.D. Tex., Dallas Div., 2006) (accepting findings and recommendation); *see also Pierre v. Guidry*, 75 Fed. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990) (in suit against sheriff, the decision to file or not file criminal charges falls within category of

---

agency or department unless such agency or department enjoys a separate and distinct legal existence).

[4]   Michael Todd, the person identified in Ross's complaint, is referred to in her attorney's letter of March 30, 2009, as the assistant district attorney who has proffered a plea bargain in Ross's state felony indictments.

acts that will not give rise to liability under § 1983).

Moreover, a county cannot be held liable for a constitutional violation under a theory of vicarious liability or *respondeat superior*. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691-92, 98 S. Ct. 2018, 2036 (1978). Instead, liability may be imposed only where the county itself causes the constitutional violation at issue. *Id.* Plaintiff's amended complaint is devoid of any allegations establishing a nexus between any unconstitutional act and Dallas County.

Accordingly, Plaintiff's civil rights claims under § 1983 lack an arguable basis in law and should be dismissed with prejudice as frivolous. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc) (dismissing *in forma pauperis* case with prejudice as frivolous under § 1915(e)(2)(B)).[5]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED with prejudice as frivolous. 28 U.S.C. § 1915(e)(2)(B).

The clerk will transmit a copy of this recommendation to Plaintiff.

Signed this 21st day of April, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that

---

[5] The complaint presents no other basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. Moreover, since Ross and the Defendants are all citizens of Texas, the court cannot exercise diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

7

you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.